■ MARY E. DICKINSON, Plaintiff, v. ANTHONY JULIANO, Defendant, and HOMER DICKINSON, Defendant and Third-Party Plaintiff-Respondent. PHOENIX ASSURANCE COMPANY OF NEW YORK, Third-Party Defendant-Appellant.— Order insofar as appealed from unanimously affirmed, with $10 costs and disbursements. (Appeal from part of an order of Erie Special Term denying a motion by third-party defendant to dismiss the third-party complaint.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of CHARLES A. LIPINCZYK, Appellant, against JOHN F. DWYER, as District Attorney of Erie County, et al., Respondents.— Order unanimously reversed and matter remitted to Erie Special Term for further proceedings in accordance with the memorandum, without costs of this appeal to any party. Memorandum: This is an application for an order to secure a copy of the information upon which a warrant was issued before the Justice of the Peace and upon which the petitioner was arraigned originally. A copy of a public record such as this should be made available to a petitioner, unless it has disappeared and, if such is the case, proof should be offered as to that fact. What use the petitioner desires to make of the instrument is immaterial. The decision in *People ex rel. Hirschberg* v. *Close* (1 N Y 2d 258) is entirely beside the point at issue here. In that case a direct attack was made on a conviction under an indictment because of absence of information. Such is not the case here. (Appeal from an order of Erie Special Term denying petitioner's application that he be furnished with a copy of an information allegedly filed against him.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of the Probate of the Will of JOSEPHINE PODOLAK, Deceased. ANTHONY PODOLAK et al., Appellants; MARY FATCHERIC, Respondent. — Decree unanimously reversed on the law and facts, with costs, and a new trial granted. Memorandum: The exclusion of testimony of the testatrix' attending physician on the issue of her mental competency was error. The provisions of section 352 of the Civil Practice Act were expressly waived on the trial. Under the provisions of section 354 of the Civil Practice Act the physician who attended the testatrix could properly disclose any information as to her mental condition which he acquired in attending her professionally except such as would tend to disgrace her memory. The trial court excluded testimony of the testatrix' attending physician which tended to disclose that the testatrix had failed in memory, power of comprehensive thinking, ability to make decisions, mental alertness and mental capacity to comprehend. Such testimony would not tend to disgrace her memory and it should have been received. (Appeal from a decree of Onondaga Surrogate's Court admitting the will of decedent to probate after trial, with a directed verdict in favor of proponent.) Present — Bastow, J. P., Goldman, Halpern and Henry, JJ.